IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASA

| | | |
|---|---|---|
| GENERAL DRIVERS AND HELPERS UNION LOCAL #554 AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | ) ) ) ) ) | CASE NO.  8: 12CV99 |
| Plaintiff, | ) ) | |
| vs. | ) ) | COMPLAINT |
| ROBERTS DAIRY COMPANY, L.L.C., a limited liability company organized in the State of Illinois, | ) ) ) ) ) | |
| Defendant. | ) | |

COMES NOW the GENERAL DRIVERS AND HELPERS UNION LOCAL #554 AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS (hereinafter referred to as "Union") and for its cause of action against ROBERTS DAIRY COMPANY, L.L.C., a limited liability company organized in the State of Illinois (hereinafter referred to as "Company") allege and state as follows:

(1)  The Plaintiff, GENERAL DRIVERS AND HELPERS UNION LOCAL #554 AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS (hereinafter referred to as "Union") is a labor organization representing employees in an industry affecting commerce as defined by the Labor Management Relations Act of 1947 as amended and has acted as the collective bargaining agent for employees working for ROBERTS DAIRY COMPANY, L.L.C., a

limited liability company organized in the State of Illinois, and registered to do business in Nebraska with the Nebraska Secretary of State.

(2) The Plaintiff Union has its principal office at 4349 South 90th Street, Omaha, Douglas County, Nebraska, 68127.

(3) The Defendant, ROBERTS DAIRY COMPANY, L.L.C., a limited liability company organized in the State of Illinois, operates facilities at Omaha, Nebraska; Lincoln, Nebraska; Grand Island, Nebraska; West Point, Nebraska; Norfolk, Nebraska; Salina Kansas; and a number of other Kansas locations and engages in extensive activities in interstate commerce as defined by the Labor Management Relations Act of 1947 as amended.

(4) The principal place of business in the State of Nebraska of the foreign limited liability company is 2901 Cuming Street, Omaha, Douglas County, Nebraska, 68101.  From its principal place of business, the Company does extensive business in Nebraska supplying milk and milk products to citizens of Nebraska.

(5) The registered agent of the Company is CT CORPORATION SYSTEM at 1024 "K" Street, Lincoln, Lancaster County, Nebraska, 68508.

(6)  The Defendant company executed a Master Dairy Agreement with the CENTRAL CONFERENCE OF TEAMSTERS covering the period of May 1, 2009 to April 30, 2014 which covered the facility and employees set out in a separate local collective bargaining agreement with the Union and the Company for the period from August 14, 2007 to August 11, 2012.  The Master Dairy Agreement provides for binding arbitration of grievances that are under the Master Dairy Agreement and the local collective bargaining agreement which is an addenda to such Master Dairy Agreement.

(7)  On or about August 12, 2011, the Union requested adjudication of Grievance #3981 filed on or about May 4, 2011 with the JOINT AREA COMMITTEE.

(8)  Grievance #3981 is attached hereto, marked "Exhibit 1", and is specifically incorporated by reference herein.

(9)  On or about November 16, 2011, Case No. 20-11 covering the grievance in "Exhibit 1" was referred back to the parties for possible solution with the same JOINT AREA COMMITTEE panel retaining jurisdiction.  Attached hereto is "Exhibit 2" being the November 16, 2011 decision which is hereby incorporated by reference herein.

(10) The negotiating sessions between the Union and the Company on December 14, 2011 and January 4, 2012 did not yield a resolution of the grievance set out above.

(11) Following the failure to resolve the grievance set out above, the Union caused the grievance to be referred back to the JOINT AREA COMMITTEE (hereinafter referred to as the "JAC") which on or about January 18, 2012 stated:  "Based on the facts presented, the claim of the Union is upheld."  See attached "Exhibit 3" which is the January 18, 2012 JAC decision upholding the grievance set out above in Case No. 20-11 which is hereby incorporated by reference herein.

(12) To date, despite repeated attempts, the Company has failed to return bargaining unit work taken out of the bargaining unit on May 2, 2011 and to make whole all bargaining unit employees as requested in the above-mentioned grievance #3981.

(13) To the best of the Union's investigation and knowledge, the Company continues to do the following in violation of the decision of the JAC on November 18, 2011 - "Exhibit 3":

    (a)  Removing of Routine Sales/Distribution bargaining unit work of INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL #554 to non-bargaining unit employees and subcontractors which was covered

4

        under Article 1, VI of the ROBERTS DAIRY collective bargaining agreement and Articles 6, 10, 17, and 22 of the Master Dairy Agreement.

(b) Removing of Transport bargaining unit work from the Omaha, Nebraska facility to Wichita, Kansas at HILAND DAIRY FACILITY which is now being performed by HILAND employees represented by TEAMSTERS #795 and subcontractors.  This is work that is covered under Article 1, VI of ROBERTS DAIRY/LOCAL 554 collective bargaining agreement and Articles 6, 10, 17, and 22 of Master Dairy Agreement.

(c) Removing of Production work from the ROBERTS DAIRY Omaha facility covered by the LOCAL #554 collective bargaining agreement to the Wichita, Kansas HILAND facility that is represented by UFCW.  This is a violation of Article 1, Application of the Master, of the ROBERTS/INTERNATIONAL BROTHERHOOD OF TEAMSTERS #554 collective bargaining agreement and Articles 6, 10, 17, and 22 of the Master Dairy Agreement.

(14) The refusal of the Company to comply with the JAC decision of November 18, 2011 ("Exhibit 3") has caused harm,

injury, and damages to the Plaintiff and the bargaining unit employees it represents.

(15) Pursuant to Section 301(a) of the Labor Management Relations Act as amended, 29 USCS 185(a), the Court has jurisdiction to enforce the arbitration award, "Exhibit 3", by both requiring contractual compliance in assigning work, enjoining improper continuing company violations of the arbitration award, and making the Union and the bargaining unit employees whole from the losses they have suffered.  See IBEW 545 v. Hope Electrical Corporation, 350 F.3d 1084, 1097 (8th Cir, 2004)

(16) Pursuant to 29 USCS 185(a) and (c), venue lies in the District Court of Nebraska.  See N.R.S. 25-536(1) and (2) and Diversified Telecom Services, Inc. v. Clevinger, 268 Neb. 388, 396-398, 683 N.W. 2d 338, 346-348 (2004).

WHEREFORE, Plaintiff prays that the Defendant is cited to appear and answer this Complaint and that after trial the Court enter its judgment enforcing the arbitration award, "Exhibit 3", by requiring contractual compliance in assigning work, including, but not limited to, the work described in Paragraph 13; enjoining improper continuing company violations of the arbitration award; making the Union and the bargaining unit employees whole from the losses they have suffered; and such other and further relief, general and special, at law and

6

in equity, to which the Plaintiff shows it is justly entitled to, including, but not limited to, court costs, attorney fees, and auditing costs.

    The Plaintiff requests that the place of trial be Omaha, Nebraska and waives any jury.

    DATED this 12th day of March, 2012.

                      GENERAL DRIVERS AND HELPERS UNION
                        LOCAL #554 AFFILIATED WITH THE
                        INTERNATIONAL BROTHERHOOD OF
                        TEAMSTERS, Plaintiff,

                        S/ M. H. WEINBERG, #14435
                           Weinberg & Weinberg, P.C.
                           9290 West Dodge Road, Suite 205
                           P. O. Box 241712
                           Omaha, Nebraska  68124
                           (402) 397-0999 (Telephone)
                           (402) 397-5519 (FAX)
                           m9642@earthlink.net